IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMPLE KHANCHANDANI, individually and on behalf of others similarly situated, Plaintiff, v. ASK IT SOLUTIONS, LLC, et al., Defendants. | § § § § § § § § § | No. 3:25-CV-793-K |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Amended Unopposed Motion to Withdraw as Attorneys of Record (Dkt. No. 48) filed by the law firm Epstein Becker & Green ("EBG"), which has appeared in this action on behalf of all the defendants. United States District Judge Ed Kinkeade referred the motion to the undersigned magistrate judge for a hearing, if necessary, and determination. (Dkt. No. 49.) After considering the motion, the particular circumstances of this case, and the relevant authority, the Court grants the motion.

Attorneys generally are expected to continue representing a client through the completion of a case. *F.T.C. v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993). "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (quoting *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)). "A court's

Case 3:25-cv-00793-K    Document 56    Filed 01/28/26    Page 2 of 3    PageID 288

determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the case." *Edwards v. Oliver*, No. 3:17-CV-1208-M-BT, 2022 WL 4820147, at *1 (N.D. Tex. Sept. 30, 2022). While the existence of good cause is a matter of federal law, a court may make its assessment "by referring to the standards for withdrawal articulated in national ethics canons and in the ethics rules adopted by the court." *Id.* at *2. This Court has looked to Texas Disciplinary Rules of Professional Conduct. *See id.* "The record must generally reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient." *F.T.C.*, 828 F. Supp. at 34.

EBG has established that good cause exists for its withdrawal. Texas ethical rules authorize attorneys to terminate representation of a client for "substantial[]" failure to "fulfill an obligation to the lawyer regarding the lawyer's services[.]" Tex. Disciplinary Rule of Prof'l Conduct § 1.16(b)(5) (Oct. 1, 2024). (*See* Mot. 2.) Failure to pay the lawyer's fee has been recognized as good cause for withdrawal. *Denton v. Suter*, No. 3:11-CV-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) ("The Fifth Circuit has recognized that counsel may have good cause to withdraw when a client refuses to pay for services." (internal quotation marks omitted)); *see also Top Sales, Inc. v. Designer Vans, Inc.*, No. 3:96-CV-0721, 1997 WL 786254, at *1 (N.D. Tex. Dec. 11, 1997).

"Even if 'good cause for withdrawal exists, it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal

of counsel.'" *Keyes v. Wells Fargo Bank, N.A.*, No. 3:20-CV-633-G-BN, 2020 WL 10963960, at *1 (N.D. Tex. May 1, 2020) (quoting *Denton*, 2013 WL 5477155, at *2) (internal quotation marks omitted)). Courts may consider various factors when determining whether to permit counsel to withdraw, foremost among them whether withdrawal will result in "undue delay in the proceedings, prejudice to the client, and the interests of justice." *Id.* (quoting *Dorsey v. Portfolio Equities, Inc.*, No. CIV.A.3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)).

The Court concludes that allowing EBG to withdraw will not disrupt the progression of this lawsuit. Successor counsel has now appeared on Defendants ASK IT Solutions LLC and Sai Kiran Singh Takoor (*see* Dkt. No. 53) and filed a response to the pending motion to enforce a settlement agreement (*see* Dkt. No. 54). The remaining defendants have not been served in this action.

EBG's Amended Motion to Withdraw as Attorney (Dkt. No. 48) is **GRANTED**. Attorneys Paul DeCamp, Greta Ravitsky, and Kathleen Barrett and the law firm Epstein Becker & Green PC are terminated from further representation of defendants in this action.

**SO ORDERED** on January 28, 2026.

---
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE